UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON GRANLUND,

       Plaintiff,

    vs                              No.  2026-

Oakland County and
Oakland County Executive David Coulter,

       Defendants.
_____

PAUL G.  VALENTINO (P34239)
Attorney for Plaintiff
Paul G. VALENTINO, J.D.,  P.C.
43494 Woodward Ave., Ste.  203
Bloomfield Hills, Michigan 48302
(248) 334-7787
Fax: 1-248-334-7202
paul@valentinolawpc.com
_____

**COMPLAINT FOR  DISCRIMINATION**

Now comes the plaintiff, JASON GRANLUND , by and through his counsel, PAUL G. VALENTINO, J. D.,  P.C., and for his complaint against the defendants states as follows:

1.      That this court has subject matter pursuant to the age discrimination employment act of 1967 (ADEA) 29 USC §621, et seq., and Americans with disabilities act of 1990 42 USC 12112 et seq  (ADA) and pursuant to 28 USC §1331.

2.      That plaintiff, JASON GRANLUND, is and was at all times pertinent hereto a citizen of the United States and the State of Michigan, residing in the County of Oakland.

3.      That defendant , David Coulter, Oakland County Executive, is and was at all times pertinent hereto duly elected County Executive of Oakland County, created and designated under the laws and Constitution of the State of Michigan in such case made and provided.

4.      That defendant, Oakland County, is and was at all times pertinent hereto a constitutional Corporation duly created under the Constitution of the State of Michigan.

5.      That plaintiff's cause of action seeks redress for violation of rights guaranteed to plaintiff by  ADA and ADEA,  as plaintiff is over forty years of age with a disability and who was wrongfully denied a open position he applied for and was terminated when he refused to undergo a physical and psychological examination, where there was no reasonable reason to request either, in order to keep his job after grieving the defendant, Oakland County, for denying an open position your plaintiff applied  for  in the parks department.  The  defendants refused to interview your plaintiff for the open position and filled the position with a younger person who was no qualified. The   defendants then denied your plaintiff the training offered to  similarly situated  younger employees in  his then current position.   The defendants refused a reasonable   request for accommodation after your plaintiff sustained a work  related  injury.

6. That on or about December 13, 2023 , your plaintiff was demoted for alleged performance issues resulting in loss of pay and then he was  suspended for alleged performance issues.

7.  That plaintiff seeks equitable and monetary relief under the ADA, and ADEA, including, back pay, future pay and all other relief, including non-economic damages, as permitted under the law.

8.      That plaintiff initiated this District Court action after having timely filed a charge of age discrimination and the refusal to accommodate your plaintiff's disability caused by his work related injury,  with the Equal Employment Opportunity Commission (Agency).

9.      That the Agency on or  about March 5, 2026 issued a right to sue letter to your plaintiff.

10.     That at the time of defendant's discriminatory refusal: to interview plaintiff for an open position;  refusal to accommodate plaintiff and demand that plaintiff undergo physical and psychological examinations as a condition of employment that no other similarly situated employee was required to undergo.  Plaintiff was 50 years age, at the time of defendants discriminatory actions and your plaintiff is and was at all times pertinent hereto duly qualified for the positions held with the defendant and position applied for.

10.     That plaintiff has been employed by the Defendant Oakland County since November 16, 2016.

11.     That your plaintiff was discriminated against by the defendants due to his disability, subjected to demand for medical and psychological exams, without reasonable basis , all in violation of the ADA and ADEA   due to his age, being over 40, and is injury caused disability.

12.     That the defendants acts constitute unlawful discrimination in violation of the ADA and ADEA against plaintiff because on or about December 13, 2023 your plaintiff was demoted and then suspended.   On January 9, 2024 your plaintiff was told he had to undergo physical and spychological examinations no other similiarly situated employees had to undergo, without a valid reason for such a demand.  The demand for theses examinations was made after your plaintiff was denied an interview for an open position  for which he was well qualified and justly entitled.  The

denial was due to his age and disability from a work related injury which occurred on June 9, 2023,all in violation of the provisions of the ADA and ADEA.

13.     That by virtue of the foregoing, your plaintiff is entitled to all his damages including loss of pack pay forward pay, promotions, harm to his work record and reputation, benefits such as health and retirement as well as non-economic damages including but not limited to disruption of his personal life, severe humiliation and embarrassment emotional distress, mental anguish. sustained, together with costs and actual attorney fees.

WHEREFORE, plaintiff prays this Honorable Court enter judgment in his favor and against the defendants an award for plaintiff's back pay, forward pay, non economic damages, court costs, actual attorney fees and such other and further relief as is deemed just and equitable under the facts and circumstances.

## COUNT II VIOLATION OF THE ELLOIT LARSEN CIVIL RIGHTS ACT

14.     That your plaintiff incorporates the allegations contained in paragraphs 1 through 13 of his complaint as though ste forth herein paragraph by paragraph and word for word.

15.      That the defendants may not discriminate against your plaintiff with respect to his age, Elloit Larsen Civil rights act MCL 37.2202. (Elloit Larsen)

16.     That the defendants may not discriminate against your plaintiff, with respect to his disability, in employment, promotions or job openings pursuant to the Persons with Disabilities Civil Rights Act, MCL 37.1202 et seq. ( CRA)

17.     That in violation of the provisions of Elloit Larsen and CRA your plaintiff was discriminated against by the defendant in the following particulars:

a. when the defendants denied accommodations to your plaintiff with respect to his work related;

b. When defendants denied employment opportunities to your plaintiff regarding his application for an open position for which he was well qualified for which was given to a younger person with less experience due in part to his age.

C. When the defendants failed to give reasonable accommodations to your plaintiff with regard to his work related injury;

d. When the defendants demanded physical and psychological examinations of plaintiff as a condition of continued employment without justification, and where other similarly situated employees were not required to undergo such examinations as a condition og employment.

18. That by virtue of the forgoing acts, commissions and omissions on the part of the defendants your plaintiff was discriminated against in violation of the Elloit Larsen and CRA.

19. That your plaintiff has suffered economic damages including loss of pack pay forward pay, promotions, harm to his work record and reputation, benefits such as health and retirement as well as non-economic damages including but not limited to disruption of his personal life, severe humiliation and embarrassment emotional distress, mental anguish.

20. That your plaintiff is entitled to recover his costs and attorney fees for violation of Elloit larson and CRA.

WHEREFORE, plaintiff prays this Honorable Court enter judgment in his favor and against the defendants an award for plaintiff's back pay, forward pay, non economic damages, court costs, actual attorney fees and such other and further relief as is deemed just and equitable under the facts and circumstances.

Respectfully submitted,

PAUL G.  VALENTINO, J. D.  P.C.

/s/Paul G.  Valentino

Paul G.  Valentino (P34239)
Attorney for Plaintiff
43494 Woodward Avenue, Suite 203
Bloomfield Hills, Michigan 48302
(248) 334-7787

Dated: June 4, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON GRANLUND,

      Plaintiff,

  vs                                  No.  2026-

Oakland County and
Oakland County Executive David Coulter,

      Defendants.

_____

PAUL G.  VALENTINO (P34239)
Attorney for Plaintiff
LEHMAN & VALENTINO, P.C.
43494 Woodward Ave., Ste.  203
Bloomfield Hills, Michigan 48302
(248) 334-7787
Fax: 1-248-334-7202
paul@lehman-valentino.com
_____

**<u>JURY DEMAND</u>**

Now comes plaintiff, JASON GRANLUND , by and through his counsel, PAUL G. VALENTINO, J. D., P.C., and hereby demands a trial by jury of all issue triable by jury as a matter of right.

                Respectfully submitted,

                LEHMAN & VALENTINO, P.C.

                /s/Paul G.  Valentino
                Paul G. Valentino (P34239)
                Attorney for plaintiff
                43494 Woodward Avenue, Suite 203
                Bloomfield Hills, Michigan 48302
                (248) 334-7787

Dated: June 4, 2026

1